UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERNESTO BERLANGA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-166 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

In September 2011, a Texas state-court jury found Petitioner Ernesto Berlanga guilty of murder. He was sentenced to life imprisonment.

In August 2019, after exhausting his appellate rights in Texas state courts, Berlanga filed his Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) based on 28 U.S.C. § 2254.[1] Berlanga alleges four grounds in support of his action: (1) his trial counsel had a conflict of interest; (2) he was denied his right to a speedy trial; (3) trial counsel was ineffective for failing to call witnesses and investigate the facts of the case; and (4) there was insufficient evidence to convict him. (Petition, Doc. 1)

The Magistrate Judge ordered Respondent to file the state-court record and to submit a response to the Petition. (Doc. 7) In December 2019, Respondent filed an Answer with Brief in Support, urging the denial of the Petition. (Doc. 19)

On January 3, 2020, the Magistrate Judge issued a Report and Recommendation (Doc. 20) recommending that the Court deny the Petition. Berlanga timely filed objections to the Report and Recommendation. (Objections, Doc. 23)

The Court has conducted a *de novo* review of the Petition, the briefing of the parties, the record in this case, and the applicable law. In his objections, Berlanga largely presents arguments that the Report and Recommendation addresses adequately and correctly.

---

[1] The Report and Recommendation of the Magistrate Judge (Doc. 20) summarizes the relevant procedural and factual background.

Berlanga presents one new argument that warrants comment. He argues that his trial counsel compromised his duty of loyalty by acting "more intrested [sic] in getting the case out of the court's docket to go to his next case than being concerned" about Berlanga's case. (Objections, Doc. 23, 1) Berlanga does not include such an allegation in his Petition. But even if he did, the allegation would not present a cognizable claim. To support a petition for writ of habeas corpus based on the alleged ineffective assistance of counsel, a petitioner must show that "any deficiencies in counsel's performance [were] prejudicial to the defense". *Beets v. Collins*, 986 F.2d 1478, 1483 (5th Cir. 1993), *on reh'g en banc sub nom. Beets v. Scott*, 65 F.3d 1258 (5th Cir. 1995).

In the present matter, Berlanga fails to allege any prejudice from his trial counsel's alleged desire "to go to his next case". At most, he notes that the alleged conduct affected his "ability to make an intellectual plea of either guilty or not guilty". (Objections, Doc. 23, 1) But given that he pled not guilty and proceeded to trial, and that he argues that he should not have been convicted, this statement cannot represent an allegation of prejudice.

Courts presume prejudice in some instances. *See Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (listing several examples of when prejudice is presumed); *cf. Jackson v. Johnson*, 150 F.3d 520, 525 (5th Cir. 1998) ("When the defendant complains of errors, omissions, or strategic blunders, prejudice is not presumed; 'bad lawyering, regardless of how bad, does not support the [per se] presumption' of prejudice".). But Berlanga's Petition does not present such a case.

Accordingly, the Court **OVERRULES** Berlanga's objections and **ADOPTS** the Report and Recommendation. It is:

**ORDERED** that Petitioner Ernesto Berlanga's Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**.

In addition, after reviewing the Petition for Writ of Habeas Corpus and the applicable law, the Court finds that no outstanding issue would be debatable among jurists of reason, and

that Berlanga fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** the request for a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

SIGNED this 26th day of February, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge